UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BYRON LEE BARTON,<br><br>             Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | No. C08-186Z<br><br>ORDER |

This matter comes before the Court on a "Motion To File Petition for a Writ of Error *Coram Nobis*" ("Motion"), docket no. 1.  The Court has reviewed all of the briefing, the records and files herein, and now enters the following Order.

## I.   BACKGROUND

On July 13, 1977, a jury found Barton guilty of possession and transfer of a firearm in violation of applicable federal law.  See Verdict, docket no. 114, United States v. Barton, Case No. CR77-13V; see also 26 U.S.C. §§ 5861 and 5871.  Barton appealed the conviction to the United States Court of Appeals for the Ninth Circuit.  United States v. Barton, 566 F.2d 1106 (1977).  On appeal, the sole issue considered was whether "the district court erroneously believed that it did not have the power to sentence Barton as a youthful offender because his conviction was after the date of his 26th birthday."  Id. at 1107.  On December 30, 1977, the Court of Appeals affirmed the conviction.  Id. at 1108.

ORDER   1–

Barton now wishes to vacate, dismiss with prejudice, or reverse the conviction. Motion at 11:6-8. Barton states that his "goal is to be able to legally vote, possess firearms again and to be able to seek employment as a licensed mortgage broker in Washington State." Barton Decl., docket no. 2, ¶ 2.

## II. LEGAL STANDARD FOR CONSIDERATION OF A PETITION FOR A WRIT OF ERROR *CORAM NOBIS*

The Ninth Circuit has adopted a four factor test as a predicate for *coram nobis* relief: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character. Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987). Under the Hirabayashi framework, the burden of proof is on the petitioner to offer valid reasons for any delay. United States v. Riedl, 496 F.3d 1003, 1008 (9th Cir. 2007).

## III. DISCUSSION

Barton lists a number of issues in the motion.[1] Motion at 3:13-4:12. The principal issue discussed is that the "jury was not instructed that to find Defendant guilty required a finding that he knew that the weapon in question could be easily converted to fully automatic mode." See Staples v. United States, 511 U.S. 600, 619 (1994).

In response to the issues raised in the motion, the United States focuses on the second Hirabayashi criteria that must be fulfilled before consideration, namely, that valid reasons must exist for not attacking the conviction earlier. Hirabayashi, 828 F.2d at 604. Barton has waited more than thirty years since his conviction and more than thirteen years since Staples was decided before filing this motion. In Riedl, the Ninth Circuit rejected a writ of error

---

[1] Petitioner later concedes that "it is true that Mr. Barton has not addressed all seven issues indicated in his Application for a Writ of Error . . . ." Petitioner's Amended Response to Government's Answer, docket no. 9, at 20:21-23.

ORDER  2–

coram nobis after the petitioner had delayed the filing of the writ of error for more than twenty months because the petitioner offered no valid reasons that explained the delay. <u>Riedl</u>, 496 F.3d at 1007-8.  In the present case, Barton waited more than thirteen years after <u>Staples</u> was decided to attack the conviction.

Barton asserts that a reason for the delay is that "over the course of thirty years the Writ of Error Coram Nobis has become a well-recognized legal procedure . . . ." Petitioner's Amend. Response to Government's Answer, docket no. 9, at 12:2-4.  This characterization of the Writ of Error Coram Nobis is hard to reconcile with language in <u>Riedl</u>; the court characterized the writ as a "highly unusual remedy."  <u>Riedl</u>, 496 F.3d at 1004.  Moreover, even if it is true that coram nobis has recently become a "well-recognized legal procedure," it still does not negate the <u>Hirabayashi</u> criteria that must be met before the writ may be considered.  Barton has not met his burden of proof by offering the Court valid reasons for such a long delay.[2]

## IV.   CONCLUSION

Accordingly, the Court DENIES the "Motion To File Petition for a Writ of Error *Coram Nobis*", docket no. 1.

IT IS SO ORDERED.

DATED this 14th day of May, 2008.

                                                      /s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge

---

[2] Petitioner's other issues could have been raised in the direct appeal to the Ninth Circuit or under 28 U.S.C. § 2255.  This is also fatal to Petitioner's request that the extraordinary writ of error coram nobis be issued now.  See <u>Maghe v. United States</u>, 710 F.2d 503, 503-04 (9th Cir. 1983).  Further, even if the Petition had been timely, the other claims have no merit.

ORDER  3–